NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 4 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RON GIVENS; CHRISTINE BISH,

          Plaintiffs-Appellants,

  v.

GAVIN NEWSOM, in his official capacity
as the Governor of California; et al.,

          Defendants-Appellees.

No. 20-15949

D.C. No.
2:20-cv-00852-JAM-CKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted November 17, 2020
Pasadena, California

Before: FERNANDEZ and PAEZ, Circuit Judges, and TIGAR,[**] District Judge.

Plaintiffs-Appellants Ron Givens and Christine Bish ("Plaintiffs") appeal the

district court's denial of their motion for a temporary restraining order ("TRO")

seeking to enjoin public health directives issued by Defendants-Appellees Gavin

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jon S. Tigar, United States District Judge for the Northern District of California, sitting by designation.

Newsom, et. al. (the "State") to slow the spread of the coronavirus. Because the district court's denial of Plaintiffs' motion for a TRO was not an appealable interlocutory order, we lack jurisdiction over this appeal. Accordingly, we dismiss the appeal.

Our jurisdiction over interlocutory appeals is governed by 28 U.S.C. § 1292. An appeal ordinarily "does not lie from the denial of an application for a temporary restraining order" because such appeals are considered "premature." *Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott*, 869 F.2d 1306, 1308 (9th Cir. 1989). A district court's order denying an application for a TRO is reviewable on appeal only if the order is tantamount to the denial of a preliminary injunction. *Id.* This is so where the denial followed a "full adversary hearing" and if, "in the absence of review, the appellant would be effectively foreclosed from pursuing further interlocutory relief." *Id.* (quoting *Environmental Defense Fund, Inc. v. Andrus*, 625 F.2d 861, 862 (9th Cir. 1980)). A district court's denial of a TRO "effectively foreclose[s]" a party from "pursuing further interlocutory relief" and permits appeal when it makes clear that any request for injunctive relief would be rejected. *Id.* at 1308-09 (allowing appeal from denial of a TRO where the district court "emphatically" stated that circuit precedent "foreclosed any interlocutory relief" and concluded that "I don't believe that the appellate court feels that in this case an injunction is appropriate . . . I would say that we don't have anything much

to talk about.").

Here, although the parties engaged in an adversary hearing the district court's explanation for denying the TRO did not dispositively foreclose Plaintiffs from again seeking interlocutory relief. Instead, the district court noted only that under "the evidence before this Court on a limited record, I don't believe . . . that a temporary restraining order at this time is appropriate," and invited Plaintiffs to present more evidence to persuade the court of their position. At the TRO hearing, the district court emphasized that its consideration of the questions at issue in the TRO motion occurred at a "very, very early stage of this lawsuit," and offered to Plaintiffs that "if [they] want to continue or initiate discussions that may change the Court's view or impact this case, please notify [the Court] right away."

The district court's invitation to Plaintiffs to supplement the record and its stated openness to considering additional arguments or developments as the case proceeded does not demonstrate that the "futility of any further hearing was patent" as required to show that the district court had foreclosed further consideration of interlocutory relief. 689 F.2d at 1309. Therefore, the district court's denial of TRO was not tantamount to the denial of a preliminary injunction and was not appealable under 28 U.S.C. § 1292. Thus, we lack jurisdiction over the appeal.

**DISMISSED.**